UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES HENRY KNIGHT,

    Petitioner,

v.                                          Case No. 3:16-cv-389-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
    Respondents.

_____

## ORDER

### I. Status

Petitioner James Knight, an inmate of the Florida penal system, initiated this action on March 30, 2016,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Knight challenges a 2011 state court (Duval County, Florida) judgment of conviction for two counts of trafficking in morphine, opium, oxycodone, heroin, hydrocodone, or their derivatives, and one count of possession of cocaine. Knight raises four grounds for relief. See Doc. 1 at 5-9.[2] Respondents have submitted a memorandum in opposition to the Petition. See Respondent's Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Resp.; Doc. 13) with exhibits (Resp. Ex.). Knight submitted a brief in reply on May 30, 2017. See (Doc. 19; Reply). This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

## II. Procedural History

On September 14, 2011, the State of Florida (State) charged Knight, by way of an amended Information, with two counts of trafficking in morphine, opium, oxycodone, heroin, hydrocodone, or their derivatives (counts one and two) and possession of cocaine (count three). Resp. Ex. B. On October 12, 2011, Knight entered into a negotiated no contest plea as to all three counts. Resp. Ex. C. That same day, pursuant to the plea agreement, the circuit court sentenced Knight to a term of incarceration of eight years in prison, with a three-year minimum mandatory sentence, as to counts one and two and five years in prison as to count three with all terms to run concurrent with each other. Resp. Ex. D. Knight did not appeal.

On March 9, 2012, Knight filed a pro se Motion for Postconviction Relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. E at 1-16. Knight moved to voluntarily dismiss this Rule 3.850 Motion on April 7, 2013, Id. at 17, and the circuit court granted his motion on April 12, 2013. Id. at 19-20. Thereafter, Knight re-filed a pro se Motion for Postconviction Relief pursuant to Rule 3.850 on July 8, 2013. Id. at 23-38. Knight subsequently filed a pro se amended Rule 3.850 Motion (Amended Rule 3.850 Motion) on July 21, 2013. Id. at 39-57. In his Amended Rule 3.850 Motion, Knight alleged that his trial counsel was ineffective for: failing to adequately investigate his case (ground one); failing to file a motion to suppress (ground two); failing to investigate the arresting officer's allegedly false statements (ground three); and failing to advise Knight of any defense strategies (ground four). Id. at 43-54. Knight also raised a fifth ground alleging that the cumulative effect of counsel's errors prejudiced him. Id. at 54-56. On June 16, 2015, Knight filed a supplement to his Amended Rule 3.850 Motion (Supplemental

Amended Rule 3.850 Motion), in which he added a sixth ground for relief: trial counsel was ineffective for failing to adopt his pro se motion to suppress. Id. at 87-93. On July 7, 2015, the circuit court denied Knight's Amended Rule 3.850 Motion and Supplemental Amended Rule 3.850 Motion. Id. at 97-104. Florida's First District Court of Appeal (First DCA) per curiam affirmed the circuit court's order without a written opinion on November 5, 2015, Resp. Ex. F, and issued its Mandate on December 1, 2015. Resp. Ex. G. Knight filed a motion for rehearing on November 26, 2015, Resp. Ex. H, which the First DCA denied on December 30, 2015. Resp. Ex. I.

### III. One-Year Limitations Period

This action is timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S. Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [Knight's] claim[s] without

further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

**V. Governing Legal Principles**

**A. Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court recently stated:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.
>
> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

5

> § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"[3] Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert. denied, 137 S. Ct. 2298 (2017). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1)'s "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that a petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

---

[3] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S. Ct. 1103 (2017).

6

## B. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S. Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S. Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S. Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S. Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S. Ct. 2052.

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward, 592 F.3d at 1163. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is

easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." Richter, - U.S. at -, 131 S. Ct. at 788. But "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Id. (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, - U.S. at -, 131 S. Ct. at 788.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014); Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). "In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

## VI. Findings of Fact and Conclusions of Law

## Grounds One, Two, Three, and Four

In each of Knight's four grounds raised in his Petition he alleges counsel was ineffective for failing to file a motion to suppress and for failing to conduct any investigation into his case as it relates to the suppression of evidence. Doc. 1 at 5-7, 8-9.

Knight raised a similar claim in his Amended Rule 3.850 Motion. Resp. Ex. E at 45-50. In denying this claim, the circuit court stated:

> Initially, the Court notes the record reflects that, during most of the pre-trial proceedings in the instant case, Defendant represented himself pro se after he decided to discharge his public defender; but, on occasion upon his wishes, counsel functioned as stand-by-counsel. This Court finds Defendant, while he represented himself, had "the entire responsibility for his own defense, even if he has standby counsel. Such a defendant cannot thereafter complain that the quality of his defense was a denial of 'effective assistance of counsel.'" Barnes v. State, 124 So. 3d 904, 917 (Fla. 2013) (citations omitted). Further, the law did not permit Defendant's stand-by counsel to function as Defendant's attorney of record because Defendant, while he represented himself, was not also entitled to an attorney's assistance. See Johnson v. State, 974 So. 2d 363, 364-65 (Fla. 2008) (citing Logan v. State, 846 So. 2d 472, 473 (Fla. 2003)) (stating "criminal defendants have no right under the Sixth Amendment or under the Florida Constitution to engage in 'hybrid representation' – that is, to simultaneously represent themselves and be represented by counsel."). Accordingly, Defendant's allegations against counsel are unfounded and without merit.
>
> Assuming *arguendo* counsel had represented Defendant throughout the entire pendency of the instant case, this Court finds all six of Defendant's instant allegations of ineffective assistance of counsel are refuted by the record or are procedurally barred. See Stano, 520 So. 2d at 280;[4] Clift, 43 So. 3d at 779.[5] Defendant testified under oath he was

---

[4] Stano v. State, 520 So. 2d 278 (Fla. 1988).
[5] Clift v. State, 43 So. 3d 778 (Fla. 1st DCA 2010).

satisfied with counsel's representation of him, and she had answered all of his questions. Similarly, Defendant's plea form, which he acknowledged in open court that he read, understood, and signed, contains the following provisions: "We have fully discussed all aspects of this case, including all possible defense to all charges, including self-defense and any defense based upon any disability, disease, insanity, or intoxication." Defendant's signed plea form also contains the following affirmation: "My attorney has taken all actions requested by me, or has explained to my satisfaction and agreement why such actions should not be taken, and I concur with my attorney's decisions in that regard." Since Defendant testified he was satisfied with counsel's representation of him and provided written testimony indicating the same, he may not go behind his previous sworn testimony and now argue counsel rendered deficient performance. See Stano, 520 So. 2d at 280; Bir, 493 So. 2d at 56;[6] Dean, 580 So. 2d at 810;[7] see also Iacono, 930 So. 2d at 831.[8]

As to Defendant's specific allegation that counsel failed to file a motion to suppress, the record indicates he affirmed under oath during his plea hearing that the trial court had heard the merits of a motion to suppress. Defendant may not now allege otherwise. See Id. Indeed, as Defendant now acknowledges in his Supplement Amended Motion, he filed a Motion to Suppress while he represented himself pro se. In his previous pro se Motion to Suppress, Defendant challenged the validity of the traffic stop, search, and seizure. The trial court held a full hearing on Defendant's Motion, and, after considering its merits, ultimately denied Defendant's request. That is, the trial court previously considered the merits of the *same exact* claim seeking suppression and denied the motion. Therefore, Defendant cannot establish that, had counsel re-filed a motion seeking suppression *on the same exact grounds* as those which were previously adjudicated, *or* if counsel had so objected as Defendant now alleges, such a motion would have been granted. See Branch v. State, 952 So. 2d 470, 476 (Fla. 2006) (holding counsel cannot be ineffective for failing to file a motion which would have been properly denied). . . .

---

[6] Bir v. State, 493 So. 2d 55 (Fla. 1st DCA 1986).
[7] Dean v. State, 580 So. 2d 808 (Fla. 3d DCA 1991).
[8] Iacono v. State, 930 So. 2d 829 (Fla. 4th DCA 2006).

> To the extent Defendant seeks to argue his plea was involuntarily-entered due to counsel's performance, the record reflects otherwise. Defendant testified he understood the terms of his plea agreement contemplated [sic] and the negotiated sentence he faced and would receive. Defendant further testified no one had threatened him, coerced or intimidated him, or promised him anything to get him to enter his plea of guilty, and that he was not under the influence of drugs or alcohol when he entered his plea. Defendant affirmed counsel reviewed his plea form with him and, before entering his guilty plea, he did not need any additional time to speak with counsel about his decision to enter his plea. Therefore, the record reflects Defendant entered his plea freely, voluntarily, and knowingly.

Id. at 100-03 (record citations omitted and emphasis in original). The First DCA per curiam affirmed the circuit court's denial without a written opinion. Resp. Exs. F; G.

To the extent that the First DCA decided these claims on the merits,[9] the Court will address the claims in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of these claims was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Knight is not entitled to relief on the basis of any of his claims.

Nevertheless, even if the state appellate court's adjudication of these claims is not entitled to deference, Knight's claims in Grounds One, Two, Three, and Four are without merit. A defendant has a Sixth Amendment right to self-representation, but once

---

[9] In looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

proceeding pro se "a defendant . . . cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel,'" even if a trial court appoints standby counsel. Faretta v. California, 422 U.S. 806, 834 n.46 (1975); see also United States v. Windsor, 981 F.2d 943, 947 (7th Cir. 1992) (noting "[t]his court knows of no constitutional right to effective assistance of standby counsel."); Behr v. Bell, 665 So. 2d 1055, 1056-57 (Fla. 1996) (quoting Faretta, 422 U.S. at 834 n.46) (holding "a defendant who represents himself has the entire responsibility for his own defense, even if he has standby counsel. Such a defendant cannot thereafter complain that the quality of his defense was a denial of 'effective assistance of counsel.'"). Under Florida law, a defendant waives any right to have his or her counsel investigate or put forward a defense when he or she enters a guilty plea. Smith v. State, 41 So. 3d 1037, 1040 (Fla. 1st DCA 2010) (citing Davis v. State, 938 So. 2d 555, 557 (Fla. 1st DCA 2006)). Also, "[w]here a defendant enters a plea and swears that he is satisfied with his counsel's advice, he may not later attack counsel's effectiveness for failure to investigate or defend the charge." Id. Similarly, where a defendant concedes he was aware of his attorney's alleged deficiencies prior to entry of his or her plea, a defendant cannot assert the plea was involuntarily entered. Davis, 938 So. 2d at 557.

The record reflects that the circuit court appointed the public defender on July 14, 2011, immediately after law enforcement arrested Knight. Resp. Ex. E at 116. Approximately a month later, on August 19, 2011, the circuit court permitted Knight to proceed pro se and appointed his former public defender as standby counsel. Id. at 117. The circuit court reappointed the public defender as Knight's counsel on September 15, 2011. Id. at 118. On October 10, 2011, the circuit court again allowed Knight to proceed

pro se, with the public defender as standby counsel, Id. at 119, at which time Knight filed a pro se motion to suppress. Id. at 136-42. In his pro se motion to suppress, Knight argued that the traffic stop leading to his arrest was illegal and that he did not otherwise consent to a search. Id. Two days later, on October 12, 2011, the circuit court denied the motion to suppress following a hearing. Id. at 120, 143. Thereafter, on the same day, Knight requested the circuit court to reappoint counsel and entered into the negotiated plea agreement. Id. at 120, 125.

Based on this record, Knight cannot claim he was deprived of the effective assistance of counsel during the periods in which he represented himself. See Faretta, 422 U.S. at 834 n.46; Windsor, 981 F.2d at 947; Behr, 665 So. 2d at 1056-57. To the extent Knight was represented during the pre-plea process, Knight cannot demonstrate prejudice because the circuit court considered his pro se motion to suppress on the merits and denied it. Resp. Ex. E at 120, 136-42, 143. As such, even had counsel filed a motion to suppress on the same grounds, the record demonstrates that the circuit court would not have granted it. See Id. at 143. Therefore, Knight cannot demonstrate prejudice.

Additionally, during the plea colloquy, Knight made the following representations to the circuit court: (1) he had adequate time with his attorney to discuss the plea and his case; (2) no one coerced or promised him anything to enter the plea; (3) he read, understood, and signed the plea form; (4) he understood the circuit court had heard and ruled on his motion to suppress; (5) he was satisfied with his attorney; and (6) he understood he was giving up his right to a jury trial and all associated rights. Id. at 127-31. Based on these sworn representations to the circuit court, Knight waived his right to have counsel investigate and file a motion to suppress. See Smith, 41 So. 3d at 1040.

Likewise, the entry of his negotiated plea waives any claim that his counsel was deficient for failing to investigate or file a motion to suppress. See id. Moreover, Knight knew or should have known that his counsel did not file a motion to suppress prior to the entry of his plea. Therefore, he cannot claim his plea was involuntary where he was or should have been aware of this fact before he entered the plea. See Davis, 938 So. 2d at 557. For the above stated reasons, the relief Knight seeks in Grounds One, Two, Three, and Four are due to be denied.

### VII. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Knight seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Knight "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Knight appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of December, 2018.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: James Henry Knight, #303976
Kathryn Lane, Esq.

15